### THE STATE v. THE COLLECTOR OF RAHWAY.

Goods and chattels without the state (except vessels belonging to inhabitants of this state) are not taxable in the state. The words, " within or without the state," at the end of the 4th section of the tax act of 1851, (*a*) refer to all articles enumerated after the word " including," before steamboats.

This was a *certiorari* directed to the collector of Rahway township, in the county of Essex, to bring up a tax assessment upon the property of the prosecutors, James B. Laing and

(*a*) The same words are used in the 4th section of the act of 1854.

Isaac M. Denman. The error complained of was, that they were taxed for goods and chattels which were not steamboats or vessels, belonging to them, but situate without the state.

Argued by Mr. *Frelinghuysen*, for prosecutors, before Justice POTTS.

POTTS, J. The tax complained of in the above cases was imposed upon goods and chattels, such as raw materials and manufactured goods, belonging to the prosecutors, but situate in *other states* than New Jersey.

The 2d section of the supplement to the act concerning taxes directs that "all personal estate *within this state*" shall be liable to taxation.

The 4th section directs that "the term personal estate, as used in this act, shall be construed to include goods and chattels of every description, including steamboats and other vessels, money, debts due from solvent debtors, whether on contract, note, bond, or mortgage, public stocks and stocks in corporations, whether within or *without* this state.

Taking the two sections together, the obvious meaning is that personal property out of the state is not taxable in this state, with the exception of "steamboats, &c., &c.," enumerated in the 4th section, after the word "including."

To adopt any other construction would render the language of the 2d section, so far as it relates to personal estate, meaningless.

Let the assessment be set aside.